## Crawford & Moyes *v.* R. F. McKinney, Appellant.

*Contract—Building contract—Entire and severable.*

Where a building contract provides that the whole building shall be constructed for a certain sum, and that a specified sum shall be paid upon the completion of the foundation walls, a second specified sum when the roof is on, a third sum when the plastering is completed, and the balance when the house is completed, such payments are distinct and separate, and they can be sued for as they mature.

*Contract—Building contract—Question for jury.*

Where a building contract provides that no sum shall be due thereon unless all work done and materials furnished shall be in strict compliance with the plans and specifications, and to the satisfaction of the owner, it is not improper to leave to the jury to determine whether the contract has been substantially complied with, and what deductions, if any, shall be allowed, where the evidence is conflicting.

Argued Nov. 5, 1894. Appeals, Nos. 77 and 78, by defendant, from judgments of C. P. No. 3, Allegheny Co., Aug. T., 1892, No. 339, and Feb. T., 1893, No. 98, on verdicts for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on building contract. Before KENNEDY, P. J.

The facts appear by the preceding case.

The court charged in part as follows:

" [If it is a substantial compliance to those terms, and there is evidence here tending to show that the defendant himself did consider it a substantial compliance with the terms of the contract, then the plaintiff is entitled to recover in each of these actions.] [5] If there are defects in the plastering, as is claimed here, then the value or amount of those defects is to be deducted from the amount of the verdict to be rendered in that case, that is, if you should consider there were defects in the plaster. I said there was testimony tending to show, not only that the building was completed substantially in accordance with the plans and specifications, but there is testimony also that the defendant himself considered it a substantial compliance, and accepted it as such. That evidence you have heard. He accepted the keys. He said he accepted the keys conditionally, that he would take them if the house was completed strictly in accordance with the plans and specifications and contract. But you have, gentlemen, not only his acceptance of the keys, which would not be conclusive evidence in itself; you also have evidence that he moved into the house shortly after its completion in the latter part of July or in August of 1892, and has been living in it and enjoying it ever since. [Now, a man cannot accept a building from the hands of a contractor, move into it, use it and enjoy it without paying for it, whatever it is reasonably worth. His acceptance of the keys, his moving into, occupying, using and enjoying the premises is testimony tending to show that he did consider it a substantial compliance with the contract, and if you should so find, then he must make these payments in accordance with the terms of the contract, deducting therefrom whatever you should find to be a fair estimate of the defects, if there are any, in this plastering for which he claims so large a sum. That I take it is the important question for you to determine.] " [4]

Defendants' points were among others as follows :

" 6. That by the terms and requirements of this contract, which clearly shows the intentions of the parties thereto, the court is asked to hold that the subject-matter of this contract is entire, and this action cannot be maintained." Refused. [2, 3, 6]

" 7. That the contract, by the terms thereof, made R. F. McKinney the arbiter to say whether or not the work done

and the materials furnished were according to the contract, plans and specifications and to his satisfaction, and having testified that the contract was not complied with, nor to his satisfaction, then the plaintiffs cannot maintain this action." Refused. [7]

8. Request for binding instructions. Refused. [8]

Verdicts and judgments for plaintiffs. Defendant appealed.

*Errors assigned* were (1) refusal of motion for nonsuit; (2–8) instructions, quoting them respectively according to rule.

*Charles A. Sullivan,* for appellant.

*Samuel McClay,* for appellees, not heard.

## No. 77, Oct. T., 1894.

Per Curiam, Jan. 7, 1895:

This and another action—both arising out of the same contract that was the subject of contention between the parties in No. 76 of this term, in which an opinion has just been filed—were tried together. In the case referred to, suit was brought to recover the second payment provided for in the contract. This and the other action that was tried with it were brought to recover the last two payments respectively under the contract.

The claim in this was for $700 alleged to be payable when the plastering was completed, and, in the other, it was for $718, alleged to be payable when the house was completed. The main contention of the defendant was that the contract is entire and that no action could be maintained thereon until the building was fully completed according to the contract; and that inasmuch as the plaintiffs failed to so erect and complete the house, they were not entitled to recover in either action. As to the alleged entirety of the contract, the learned court rightly ruled against the defendant; and the cases turned mainly on the questions of fact, whether or not the contract, on the part of the plaintiffs, had been substantially performed, and whether the defendant had accepted the house as completed; and if not, what deduction from the contract price, if any, should be made for defective workmanship, etc. These and other questions of fact presented by the testimony were for the jury, and to them they were submitted with instructions that appear to be free from substantial error.

It is unnecessary to consider the specifications in detail. The refusal of the court to order a judgment of nonsuit, on defendant's motion, is of course not assignable for error. An examination of the record with reference to each of the remaining seven specifications has satisfied us that neither of them should be sustained.

Judgment affirmed.

## No. 78, Oct. T., 1894.

PER CURIAM, Jan. 7, 1895:

This and another case, between the parties to this action and growing out of the same contract, were tried together, and involve substantially the same questions. In that case, No. 77 of this term, an opinion affirming the judgment, has just been filed. For reasons briefly suggested in said opinion, the judgment in this case should be affirmed.

Judgment affirmed.